■ In the Matter of Guardianship and Custody of ROBERT A. VICTORY, Also Known as ROBERT KERBER. NEW YORK FOUNDLING HOSPITAL, Respondent; ROBERT A. VICTORY, SR., Appellant. — Order of the Family Court, New York County, entered February 7, 1979, unanimously reversed, on the law without costs, and the matter remanded for a new hearing. Robert Alan Victory, Sr., is the father of Robert Alan Victory, Jr. Robert was born to Maria Kerber out of wedlock and was placed with the New York Foundling Hospital (hospital) approximately nine months after his birth, after his mother, who is now dead, attempted suicide. In 1978, this proceeding was brought by the hospital to obtain guardianship and custody of the child and to free him for adoption (Social Services Law, § 384-b). The father, who has spent a substantial amount of time in mental hospitals, is now gainfully employed and has manifested a strong desire for custody of his child, or in the alternative, to have custody turned over to the maternal grandmother. Indeed, he had visited with the child regularly in the year preceding the institution of this proceeding. Notwithstanding his acknowledged parenthood and his interest in the child, he was excluded from the fact-finding hearing under section 384-b (subd 4, par [b]) of the Social Services Law upon the ground that only the parent or parents whose consent to adoption under section 111 of the Domestic Relations Law is required was entitled to be heard. He was permitted to participate in the dispositional hearing. Section 111 (subd 1, par [c]) of the Domestic Relations Law required that, with respect to a child born out of wedlock, only the consent of the mother is required for adoption. In *Caban v Mohammed* (441 US 380), the constitutionality of section 111 (subd 1, par [c]) of the Domestic Relations Law was challenged upon the ground that the statute was gender-based. In sustaining the validity of the challenge the Supreme Court noted that it did not serve any legitimate governmental interest

and, therefore, constituted a denial of equal protection. Clearly, therefore, the exclusion of petitioner from the fact-finding hearing was improper. The fact-finding hearing in this matter was held prior to the decision in *Caban*. Hence, we are confronted with the issue of retroactivity — an issue specifically pointed up by the dissent in *Caban*. There, Mr. Justice Stevens noted that thousands of adoptions have proceeded upon the presumptive validity of section 111 (subd 1, par [c]). In reliance upon the validity of these adoption decrees, many familial and financial dispositions have been made. Because *Caban* marked the crossing of a new constitutional frontier, those who placed reliance upon the validity of such adoptions should not, by reason of *Caban,* have these familial and financial interests placed in jeopardy. Here, however, no reliance interest exists. No adoption has yet taken place. No familial or financial interests are jeopardized. All that is at stake is a procedural interest, the right of the father of a child born out of wedlock to participate in and be heard at *all* stages of a proceeding which may lead to the adoption of his child. Due process requires no less. Concur — Birns, J. P., Fein, Markewich, Lupiano and Bloom, JJ.